

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JUAN G. RODRIGUEZ, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-030 |
| VS. | § | |
| | § | CRIMINAL NO. B-96-337 |
| UNITED STATES OF AMERICA, | § | |
|     Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Juan G. Rodriguez ("Rodriguez") has filed a petition (Docket No. 1) pursuant to 28 U.S.C. § 2255 in which he claims that his counsel was ineffective for the following reasons:

1.    Counsel failed to seek the application of the "safety valve" provisions contained in 18 U.S.C. § 3553(f).

2.    Counsel failed to seek a three point downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

3.    Counsel failed to seek a two to four level downward departure for his role in the offense.

Rodriguez also claims that there was prosecutorial misconduct and that his case was improperly joined with other defendants.

The Government has filed an Answer incorporating a Motion to Dismiss (Docket No. 4) which for the reasons set forth below should be granted.

## BACKGROUND

Rodriguez was one of five defendants in Criminal Number B-96-337 who were charged

in a multi count indictment with being involved in a marijuana conspiracy. Rodriguez was named in Count One and charged with three marijuana conspiracies. He was also named in Count Two and charged with conspiracy to possess with intent to distribute marijuana and in Count Five with money laundering. Counts Three and Four charged him with possession with intent to distribute marijuana.

Rodriguez maintained his innocence and went to trial. He was found guilty and sentenced to seventy- eight months confinement. He appealed and his conviction was affirmed by the Fifth Circuit.

## RECOMMENDATION

Rodriguez claims that his counsel was ineffective for not seeking the benefits of the safety valve provisions contained in 18 U.S.C. § 3553(f). This claim is frivolous. In order to qualify for the benefits of the safety valve, Rodriguez would have to show that he provided the government with all information and evidence concerning the offenses in which he was involved. Rodriguez argues that his continuing protests of innocence entitle him to the benefits of this provision. This position is facially absurd. The safety valve provisions are designed to minimize the impact of the mandatory minimum sentencing provisions on minor offenders. *In re. Sealed Case* (Sentencing Guidelines Safety Valve) 105 F.3d 1460 (D.C. 1997). It is illogical to postulate that a defendant charged in a major drug conspiracy and convicted by a jury after a full trial would be entitled to the provisions of the safety valve, because he claims that his continued protestations of innocence demonstrate that he has told everything he knows.

The same logic applies to Rodriguez' claim that his counsel was ineffective for failing to seek an adjustment for acceptance of responsibility under the provisions of U.S.S.G. § 3E1.1.

2

He has never accepted responsibility. Rodriguez' argument with respect to this point is a reiteration of his position that the evidence to convict him was insufficient.

Rodriguez goes on to claim that his counsel was ineffective for failing to seek an adjustment for a minor role in the offense under U.S.S.G. § 3B1.2. He ignores the inconsistency inherent in taking this position with his protestations of innocence.

Rodriguez does not show how he was any less culpable than his co-defendants. *United States v. Edwards*, 65 F.3d 430, 434 (5th Cir. 1995). He has totally failed to carry the burden of showing that he is entitled to this reduction. *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).

Rodriguez argues that the court misapplied the Sentencing Guidelines by not applying the safety valve provisions to him and by not giving him credit for acceptance of responsibility. These issues are not cognizable in a § 2255 petition. *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Rodriguez argues here, as he did in his direct appeal, that there was insufficient evidence to convict him. He is foreclosed from raising this point again in a § 2255 petition. *United States v. Rocha*, 109 F.3d 225 (5th Cir. 1995).

Rodriguez' next complaint is that his case was improperly joined with his co-defendants. He points to nothing which would indicate that his rights were jeopardized by his being tried with his co-conspirators. *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993), *cert. denied* 510 U.S. 898, 510 U.S. 996 (1993).

According to Rodriguez, his trial was tainted by prosecutorial misconduct because the prosecutor commented on an objection which had been made by a co-defendant and that inaccurate

3

testimony had been presented by a Customs Agent to the grand jury which returned the indictment in this case. The inaccurate grand jury testimony which stated that Rodriguez had driven a van loaded with marijuana to a grocery store. The truth was an undercover agent had driven the van; Rodriguez had driven a pickup loaded with marijuana to the grocery store. This inaccuracy was inconsequential.

The alleged prosecutorial misconduct was raised on the direct appeal and is thus not cognizable in a § 2255 petition. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

IT IS THEREFORE **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Juan G. Rodriguez' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of May, 2000.

John Wm. Black
United States Magistrate Judge